Where defendants brought a separate action, in another county, on a claim which they might have set up as a counter-claim in the action against them, and plaintiffs interpose therein as a counter-claim the facts on which their action is based, plaintiffs will not be required to elect in which action they will try their claim.

Appeal from special term, Kings county.

Action by Rachel Weinberg and Isidor Weinberg against Philip Weinberg and Louis Clark, Jr.   Defendants' motion that plaintiffs be required to elect whether they will try their claim in the action brought by them, or in an action brought by defendants against plaintiffs, in which plaintiffs set up their claim as a counter-claim, was denied, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Ferdinand Kurzman,* for appellants.  *Charles E. Burke,* for respondents.

PRATT, J.   This action was begun November 12, 1890.   Defendants have a claim against plaintiffs, which they might have pleaded as a counter-claim. They preferred to bring an independent action in another county.   In that action these plaintiffs interpose as a counter-claim the facts on which this action is based.   A motion is now made that the plaintiffs be required to elect in which action their claim be tried, and that they be stayed from proceeding in the other action. Various answers to the motion suggest themselves.   The causes of action in dispute between the parties are in no way connected, and it is very doubtful whether justice will be promoted by trying all the claims in one action.   Moreover, the plaintiffs were entirely within their rights in beginning this action; and, if defendants desired to try all the claims together, they should have interposed their demand in this action.   Not having done so, they have lost their right.   It is by their own choice that two actions are pending; and for the inconveniences, if any, resulting, they are alone responsible.   The motion appealed from must be affirmed, with $10 costs and disbursements.

---

### HUGHES *v.* MCKENZIE *et al.*

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

SUPPLEMENTARY PROCEEDINGS—ACTION BY RECEIVER.

A complaint in an action by a receiver in supplementary proceedings against the judgment debtor and others, to restrain the debtor from disposing of a fund held by him in trust until his interest in it can be ascertained and subjected to the judgment, must show the amount of the judgment.

Appeal from special term, Kings county.

Action by William Hughes, as receiver of Alexander C. McKenzie, a judgment debtor, against said Alexander C. McKenzie and others, to restrain defendant from disposing of a fund until said McKenzie's interest therein could be ascertained and subjected to the judgment.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Morrison & Kennedy,* for appellant. *Philip Orgler,* for respondents.

PRATT, J. This is an appeal from an order made by Mr. Justice BARTLETT restraining the disposition of money on deposit in the Brooklyn Savings Bank during the pendency of this action. The money on deposit was credited to Caroline McKenzie, who died January 19, 1890. The defendant Alexander C. McKenzie, her husband, was appointed administrator of her estate. He immediately had the money on deposit transferred, without withdrawal, to himself as trustee, for William H. McKenzie, his son. He thereafter withdrew part of the money, and used it for his own purposes without in any way charging himself as administrator, or making the same a part of his wife's estate. The complaint is defective, in that it does not state the amount of the judgment, or the claim that plaintiff has against Alexander C. McKenzie; neither does the affidavit state the claim. It is true that no issue is made upon that subject, but it is plain that the plaintiff is only entitled to impound sufficient of the money in question to pay his claim and costs. If, by fair inference from the paper, it appeared what sum was due, it might be sufficient; but all that can be inferred from the allegations of the complaint is that at least $25 is due, from the fact that defendant was examined in supplementary proceedings. Had the defendants made the point below, the court would undoubtedly have permitted the plaintiff to amend in this respect. Under the old practice in equity, where it did not appear from the face of complainant's bill itself that the matter in controversy was beneath the jurisdiction of the court, the defendant could neither demur nor move to dismiss the bill. It was sufficient that the bill ordered that the subject in controversy exceeded $100. Section 189, Rule in Chancery. However, under the Code, we think there ought to be a statement of the amount claimed, or some allegation showing that the matter in controversy ought to be heard in a court of equity. Therefore, if this injunction is held, and the plaintiff is given an opportunity to amend, it ought to be upon condition of his paying the costs of this appeal. If the affidavits submitted by the defendants are true, the money sought to be impounded belongs to W. H. McKenzie; but that is a question that cannot well be tried upon affidavits. The order is affirmed to the extent of plaintiff's claim, upon plaintiff paying costs of this appeal, and amending his complaint so as to state approximately the amount due him from Alexander C. McKenzie.